IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **LARRY CLARK, individually, and on behalf of those similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**MCDONALD'S CORPORATION,**<br><br>**Defendant.** | Case No. 3:22-CV-00628-NJR |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court *sua sponte* on the issue of federal subject matter jurisdiction. *See Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007) ("It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case."). In general, a complaint must contain a "short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." FED. R. CIV. P. 8(a)(1).

A review of Plaintiff's Complaint (Doc. 1) shows that it is lacking proper jurisdictional allegations. Plaintiff Larry Clark alleges, in the Complaint, that he "resides in Illinois, as he did at all relevant times during the conduct alleged." However, "residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction." *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). The citizenship of a natural person for diversity purposes is determined,

of course, by the person's domicile, *see Pollution Control Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 155 n. 4 (7th Cir. 1994), which means the state where the person is physically present with an intent to remain there indefinitely. *See Perry v. Pogemiller*, 16 F.3d 138, 140 (7th Cir. 1993); *see also Cassens v. Cassens*, 430 F. Supp. 2d 830, 833 (S.D. Ill. 2006).

Accordingly, Plaintiff is **ORDERED** to file an Amended Complaint no later than **April 20, 2022,** which clearly sets forth his citizenship. If Plaintiff fails to file an Amended Complaint in the manner and time prescribed or if, after reviewing it, the Court finds that Plaintiff cannot establish subject matter jurisdiction, the Court will dismiss the action for lack of jurisdiction. *See Guaranty Nat'l Title Co., Inc. v. J.E.G. Associates*, 101 F.3d 57, 59 (7th Cir. 1996).

**IT IS SO ORDERED.**

DATED:  April 6, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**