IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LARRY CLARK, JOSEPH HAUSER, LYDIA JOHNSON, and LINDA CAVAZOS, individually, and on behalf of those similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>MCDONALD'S CORPORATION,<br><br>    Defendant. | No.: 3:22-cv-00628-NJR<br><br>Honorable Nancy J. Rosenstengel |

**SUPPLEMENTAL BRIEF IN SUPPORT OF MCDONALD'S CORPORATION'S MOTION TO DISMISS THE FIRST AMENDED CLASS ACTION COMPLAINT**

Trenton H. Norris (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
3 Embarcadero Center, Suite 1000
San Francisco, CA 94111-4024
Tel: (415) 471-3100
Fax: (415) 471-3400
Email: trent.norris@arnoldporter.com

Lori B. Leskin (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
250 W. 55th Street
New York, NY 10019-9710
Tel: (212) 836-8000
Fax: (212) 836-8689
Email: lori.leskin@arnoldporter.com

Peter H. Vogel (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
70 W. Madison Street, Suite 4200
Chicago, IL 60602-4231
Tel: (312) 583-2300
Fax: (312) 583-2360
Email: peter.vogel@arnoldporter.com

Pursuant to the Court's January 16, 2023 directive (ECF No. 45), defendant McDonald's Corporation hereby submits the following supplemental briefing in connection with its Notice of Supplemental Authority concerning the decision in *Seidl v. Artsana USA, Inc.*, No. 5:22-cv-2586, 2022 WL 17337910 (E.D. Pa. Nov. 30, 2022). In *Seidl*, the Eastern District of Pennsylvania granted a motion to dismiss a false advertising case premised on the alleged undisclosed presence of PFAS chemicals in infant car seats, because PFAS was not required to be disclosed and the plaintiff did not rely on the alleged misleading statements (which were not on the product label) when she purchased the product.

The *Seidl* decision is directly on-point concerning lack of actionable advertising claims.[1] As with Plaintiffs in this case, the foundation for Ms. Seidl's belief that the products did not contain PFAS was off-label statements, such as a statement from a press release and various statements on the defendant Chicco's website, none of which Ms. Seidl claimed to have relied upon when making her purchase. *Seidl*, 2022 WL 17337910 at *1. Ms. Seidl also alleges similar causes of action as Plaintiffs here, including violation of the Illinois Consumer Fraud and Deceptive Business Practices Act; breach of express and implied warranty; and unjust enrichment. *See generally, id.*

Ms. Seidl advanced the same misrepresentations and omissions theory that Plaintiffs advance here—that (1) defendants failed to affirmatively disclose that the car seats contained PFAS; and (2) based on press releases and statements on Chicco's website, defendants

---

[1] The *Seidl* decision, however, differs from this case on the matter of standing. The Court found that Seidl had standing to pursue her economic injury claims because the case "deals with a durable good that is still in [plaintiff's] possession." *Seidl*, 2022 WL 17337910 at *5 (because a car seat "is something that can be used more than once, her alleged damages are less abstract than if she had already used up the product."). By contrast, the Court discussed and cited favorably consumable goods cases where plaintiffs had been found to lack standing, noting a distinction between foods and durable goods like car seats. *Id.* The McDonald's products at issue in this case are of course non-durable food items thar are discarded or fully ingested upon use.

misrepresented that the car seats did not contain PFAS. *Id.* at *6. The *Seidl* Court rejected her theories on both counts.

First, the Court found that Ms. Seidl had failed to state a claim for which relief could be granted for any of her claims because "the law does not place any obligation on [defendant] to proactively disclose to consumers what, if any, chemicals it uses to treat its car seats … [t]hus, even accepting as true that [defendant] never disclosed that information, failing to make such a disclosure is not misconduct." *Id.* Ms. Seidl "might prefer that [defendant] provide an unambiguous disclaimer that its car seats contain these chemicals," the Court continued, "[b]ut [her] own personal preferences are not enough to establish a claim." *Id.* Like in *Seidl*, Plaintiffs here identify no law that obligates McDonald's to disclose the use of its FDA-approved food contact materials, and therefore all of Plaintiffs' claims premised on an omission theory likewise fail.

The Court made quick work of Ms. Seidl's second theory—that defendant's off-label internet statements and the press release led plaintiff to believe that the car seats did not contain PFAS—finding that even if the Court took her allegations that the statements were deceptive as true, "there are no facts in the Amended Compliant to suggest that plaintiff relied upon those statements when she purchased the [product]." *Id.; see also id.* at *10 (Ms. Seidl "has not pled facts sufficient to establish a claim under the [Illinois Consumer Fraud Act] because she has not alleged that she relied on [defendant's] alleged deceptive acts—the Chemical Policy and press release—when she purchased the [product].").

Here, Plaintiffs allege a misrepresentation theory based upon an amalgam of statements on McDonald's website that do not mention PFAS. (Am. Compl., ECF No. 27, ¶¶ 36-52.) and two news articles where Plaintiffs allege that McDonald's denied using PFAS. (*Id.*, ¶¶61-63).

3

But, like the *Seidl* plaintiff, Plaintiffs never allege that they were aware of or relied on any of these statements when deciding to purchase the subject products. The Amended Complaint suffers from the same deficiencies as Ms. Seidl's, and this Court should reach the same conclusion.

Dated: January 24, 2023                    Respectfully submitted,

                                           */s/ Trenton H. Norris*
                                           Trenton H. Norris

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that the foregoing filing was served upon counsel of record via the Court's CM/ECF electronic filing system on January 24, 2022.

*/s/ Trenton H. Norris*
Trenton H. Norris (admitted *pro hac vice*)
ARNOLD & PORTER KAYE SCHOLER LLP
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Tel: (415) 471-3100
Fax: (415) 471-3400
Email: trent.norris@arnoldporter.com
